UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAW FIRM OF FRANK J. BAYGER, PC,

                              Appellant,

              v.                                            **DECISION AND ORDER**
                                                                13-CV-927S
JOHN H. RING, III,                                       13-CV-996S
                                                                13-CV-997S
                              Appellee.


## I. INTRODUCTION

On July 24, 2013, Bankruptcy Judge Michael J. Kaplan denied the request of an

attorney for the Law Firm of Frank J. Bayger, PC, the debtor and appellant in this action,

for an adjournment of a final hearing. That decision begat three separate but nearly

identical appeals. The other two appeals appear to arise out of Judge Kaplan's ultimate

order approving the final report and a later ruling denying an application for a  temporary

restraining order (TRO), which would have stayed the disbursement of funds. But in any

event, aside from minor variations, Appellant's briefs in each case are carbon copies of

each other. Those appeals are therefore consolidated for the purposes of this decision. For

the following reasons, each appeal is dismissed.

## II. BACKGROUND

The bankruptcy petition commencing the underlying case was filed in 2002. After

11 years of litigation, the bankruptcy court received the trustee's final report and, on June

24, 2013, set a hearing for July 24, 2013.  According to John Bartolomei, he was retained

by the Law Firm of Frank Bayger, PC "only five days prior to this scheduled hearing date."

(Appellant's Br. at 4; Case No. 13-CV-997)). Despite this, Bayger's firm had been – *and*

*continued to be* – represented by other attorneys, who were present at the final hearing

and were unaware that Bayger had made arrangements with another attorney.

Nonetheless, Bartolomei contacted John Ring III, the trustee, and he called the bankruptcy court the day before the hearing; Bartolomei wanted to adjourn the hearing. But he was apparently told that because the court would have no way of notifying all the interested parties, the request to adjourn the hearing would have to be made at the hearing itself.  So Bartolomei appeared at the hearing and requested the adjournment on the grounds that he needed time to review, and possibly have an accountant review, the trustee's final report. Judge Kaplan denied the request.  He noted that all parties were on notice of the hearing for 30 days; that July 24 – the day of the hearing – was the "very last day of the Court's participation in this case;" that "[t]his is the culmination of 11 years of efforts by the Court and numerous others"; and that "there are people waiting for their money." (Final Hr'g Tr., 2:13-19, 12:1-3.) He denied the motion without equivocation: "That's my ruling," he declared. "Sit down, or I'll have you removed from the courtroom." (Id., 12:15-16,18-19.)

In an effort to stay the distribution of funds, the Bayger firm then moved the bankruptcy court for a temporary restraining order. The firm relied on the same grounds asserted in the adjournment request: Bartolomei needed time to review the "sizeable file." (TRO motion, ¶ 6; Docket No. 1-8 in Case No. 13-CV-997.) Judge Kaplan denied that motion too.

### III. DISCUSSION

**A.     Standard of review**

Under its appellate jurisdiction, this Court conducts a *de novo* review of the law. In

2

re Porges, 44 F.3d 159, 162 (2d Cir. 1995); Teufel v. Schlant, No. 02-CV-81S, 2002 WL 33008689, at *4 (W.D.N.Y. Sept. 25, 2002). But decisions on injunctions and whether to grant a continuance are reviewed for abuse of discretion. See Morris v. Slappy, 461 U.S. 1, 11, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983) ("[B]road discretion must be granted trial courts on matters of continuances."); Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 108 (2d Cir. 2003) (citation omitted); Wachovia Bank of Georgia, N.A. v. Apex Tech of Georgia, Inc., 144 B.R. 649, 652 (S.D.N.Y. 1992) ("Whether a request for a continuance should be granted is a question within the province of the sound discretion of trial courts, including the Bankruptcy Court.").

**B.     No abuse of discretion**

While a decision denying a continuance should only be overturned upon a showing of an abuse of discretion, reviewing courts must be "*particularly solicitous* of a district court's ruling on a motion to adjourn the scheduled start of a trial proceeding." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 148 (2d Cir. 1998) (emphasis added). "Such a ruling," the court went on, "will not be disturbed unless clear abuse is shown," meaning that "the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case." Id. Both parties take the position that this standard applies to Judge Kaplan's ruling in this case.

The Bayger firm argues that Judge Kaplan's decision meets this high standard and that he clearly abused his discretion in denying the continuance motion. This Court cannot agree.

Frank Bayger, a former judge, and his firm had been represented by attorneys

throughout most of the protracted bankruptcy proceedings. There is no indication that those attorneys were anything but competent. But then, at the figurative eleventh hour and in the actual eleventh *year*, Bayger decided to change attorneys without notifying his former attorneys.  This change, he essentially contends, compelled the bankruptcy court to grant his motion for an adjournment.

That is not so.

As the Second Circuit has observed in a different but related context, "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." United States v. Llanes, 374 F.2d 712, 717 (2d Cir. 1967); accord United States v. Silva, 611 F.2d 78 (5th Cir.1980) (affirming the denial of the defendant's motion for a new attorney made on the day before trial since "[l]ast minute requests are disfavored" and the right to counsel of choice "may not be used for purposes of delay"). That caveat is at least equally applicable to this case, where 11 years of litigation culminated in a final hearing. And where, on its eve, the Bayger firm retained new counsel and requested an adjournment. It is clear that Judge Kaplan was concerned that the decision to retain new counsel was simply a vehicle to achieve further delay. Indeed, the bankruptcy court emphasized that the motion came on "the very last day of the Court's participation in this case."  (Final H'rg Tr., 2:13-14.) And the judge specifically noted that he sought to avoid "justice delayed."(Id., 9:8.) In this respect, his decision was not arbitrary, but based on a longstanding, legitimate concern that a desire for new counsel can be used to accomplish delay.

This concern is heightened by the fact that the Bayger firm was able to offer no reason why it suddenly needed Bartolomei to review the file. Although Judge Kaplan was

obviously suspicious of the adjournment motion from the start, Bartolomei was able to attempt to explain his request, saying he and an accountant needed time to review the file. (See, e.g., Final Hr'g Tr., 7:4–20.) But, even to this day, no reason has surfaced explaining why Bartolomei's presence in the case was unexpectedly vital five days before the final court proceeding. In one of the appeals, Frank Bayger submitted an affidavit stating that "upon receipt of the proposed payments to claimants, I looked at it and saw claimants proposed to be paid who had absolutely no valid claim to be paid. It was necessary for me to get an accountant and an attorney to look at the proofs of claim and the documentation obtained by the Trustee . . . ." (Bayger Aff., ¶ 3; Docket No. 6-1 of Case No. 13-CV-927.) But at no point does Bayger explain why his attorneys of record did not "look at the proofs of claim" or why he waited until five days before the final hearing to retain Bartolomei. To be sure, Bayger does mention that he suffered a stroke. But, according to Bayger, he suffered the stroke even before his bankruptcy proceedings began – at least 11 years before the final hearing. (Bayger Aff., ¶ 4.) And though Bayger does assert that "it took a long time for [him] to recover," both he and his attorney fail to explain how the stroke affected his ability to litigate his case, or when he recovered. In fact, the stroke is not even mentioned in any of the appellant's various briefs. This, coupled with the fact that the stroke was also not mentioned before Judge Kaplan at the final hearing or in the TRO application, suggests that the stroke is nothing more than a specious explanation for the requested delay. Regardless, without further detail, the stroke, while certainly lamentable, simply cannot constitute adequate cause for the requested delay.

Nor has the Bayger firm shown that Judge Kaplan's decision "substantially impaired the presentation of his case." See Sequa Corp.,156 F.3d at 148. The "case"– as it were –

was all but over, and, as Judge Kaplan himself noted, "For 11 years the [firm] has had the opportunity, through counsel, to object to anything that has since been fully resolved and is law of the case." (Final Hr'g Tr. 19:2–4.) "So I don't know what reason there could be for the [firm] to need counsel today," the Judge finished. (Id. 19:5.) The Bayger firm contends simply that its new attorney ought to have been afforded time to review the final report. But it fails to suggest how its former attorneys' review was inadequate, and it further fails to identify any authority to support the argument that a last-minute change of counsel necessarily warrants a continuance. Certainly Judge Kaplan could have granted the motion. He chose not to. Based on the circumstances of the case, and the absence of proof that a further review by a different attorney might have yielded a different result, this Court finds no abuse of discretion in that decision.

Pointing to the summary fashion in which Judge Kaplan issued the denial, the Bayger firm also asserts that Judge Kaplan was predisposed to deny the motion and that this amounts to an abuse of discretion.

Perhaps the matter could have been addressed more formally, but, as noted above, Judge Kaplan supplied reasons for his ruling, and he allowed the other parties to respond to the motion. This objection therefore does not save Bayger's appeals.

Finally, the Bayger firm's TRO motion was based on the same grounds as the firm's adjournment request, and Judge Kaplan denied it for the same reasons – namely that "the Debtor and its principal have been well and thoroughly represented"; "that retaining a new attorney at the 'eleventh hour' is not a basis upon which the Debtor or its principal may delay disbursement of funds"; and that "all matters of law" were already decided. (TRO Order, at 1; Docket No. 1–2 of Case No. 13-CV-997.) As already discussed, this Court

finds that these reasons do not amount to an abuse of discretion. And thus the appeal on these grounds will also be dismissed.

## IV. CONCLUSION

The Bankruptcy Court did not abuse its discretion in refusing a last-minute request for an adjournment. The Bayger firm's three appeals, each of which challenge this decision, are therefore dismissed.

## V. ORDERS

IT HEREBY IS ORDERED, that the Orders of the Bankruptcy Court, Western District of New York, are AFFIRMED.

FURTHER, that the appeals are DENIED and DISMISSED.

FURTHER, that Appellee's motion to dismiss (Docket No. 4 of case No. 13-CV-927) is DENIED as moot.

FURTHER, that the Clerk of Court is directed to close the three cases identified in the caption.

SO ORDERED.

Dated:      June 9, 2014
            Buffalo, NY

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court